UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| VICTOR A. TAVARES, : |  |
|     Plaintiff, : |  |
| : |  |
| v. : | C.A. No. 18-606WES |
| : |  |
| LIEUTENANT MACOMBER, : |  |
| C.O. SPADONI, C.O. ANTONELLI, : |  |
| C.O. SANTA-GATA, : |  |
| LIEUTENANT DIVINE, : |  |
| DEPUTY WARDEN MOORE, and : |  |
| WARDEN ACETO, : |  |
|     Defendants. : |  |

**MEMORANDUM AND ORDER**

Patricia A. Sullivan, United States Magistrate Judge.

Pending before the Court is Plaintiff's motion for leave to file a supplemental complaint pursuant to Fed. R. Civ. P. 15(d), which allows a party, with leave of court, to serve a supplemental pleading setting out any "transaction, occurrence, or event that happened after the date of the pleading to be supplemented."[1] Id.; ECF No. 34. Depending on what is counted, the motion is arguably Plaintiff's fifth attempt to change the content of the operative pleading. Because of the confusion created by Plaintiff's prior efforts to amend, the Court held an on-the-record conference with the parties on April 19, 2019, for the purpose of establishing the operative pleading and to set a schedule for response. Based on that conference, the Second Amended Complaint, which was filed on March 21, 2019, was established as the operative pleading, and June 18, 2019, was set as the deadline for responsive filings.[2]

---

[1] As with all filings by *pro se* litigants, Plaintiff's motion has been read with leniency. Diaz v. Wall, C.A. No. 17-94 WES, 2018 WL 1224457, at *3 (D.R.I. Mar. 8, 2018). A proposed claim by a *pro se* litigant is held to a less stringent standard than formal pleadings drafted by counsel. See Estelle v. Gamble, 429 U.S. 97, 99 (1976).

[2] The length of time for responsive filings was based on Plaintiff's decision to add new defendants who had not yet been served.

The currently operative Second Amended Complaint is based on 42 U.S.C. § 1983, arising from events that occurred in the fall of 2018. First, following an argument that erupted when a correctional officer notified Plaintiff that his court clothes were to be destroyed, Plaintiff claims he was booked three times for a single incident and that, after delay, his clothes were destroyed. ECF No. 24 ¶¶ 9-11. Second, Plaintiff claims that, after he was "involved in an altercation" with an inmate known to be an enemy (from whom correctional officers did nothing to protect him) and hit his head, correctional officers applied "riot spray" to his face after he was on the floor, denied him medical treatment, cut his hair, and imposed disciplinary confinement and loss of good time credit, prolonging his sentence. Id. ¶¶ 13-18. And, third, Plaintiff alleges he was deprived of proper hygiene, food and footwear, and forced to sleep with the lights on. Id. ¶ 19. As remedies, Plaintiff seeks money damages and injunctive relief affecting his conditions of confinement. Id. ¶ 34.

Six weeks after filing the Second Amended Complaint, Plaintiff filed the instant motion. It seeks to supplement the Second Amended Complaint pursuant to Fed R. Civ. P. 15(d) by adding a separate, distinct and entirely new and unrelated cause of action to be asserted against a new defendant (Captain Haiban). Specifically, Plaintiff wants to allege that his sentence to serve forty-two months for violating conditions derived from his conviction for First Degree Robbery, which was imposed by Superior Court Justice Luis Matos on August 17, 2018, was improperly calculated by the addition of eighteen months pursuant to an unspecified "new conspiracy."[3] ECF No. 34 at 1; ECF No. 34-1 at 1. In his attached grievance dated March 3, 2019, Plaintiff

---

[3] Plaintiff's attempt to inject this sentence into the instant case is not the first time this sentence has been the subject of a federal filing. It was at issue in a prior case filed in this Court, in which Plaintiff challenged the sentence as a bill of attainder and violative of due process and the Eighth Amendment. Tavares v. Kilmartin, C.A. No. 18-08-JJM-PAS. In the prior matter, the Court determined that the action failed to state a claim and dismissed it under 28 U.S.C. § 1915A. ECF No. 7. Plaintiff appealed, and the First Circuit summarily affirmed. ECF No. 22.

claims that "Records & ID added a fictitious charge to my sentence, adding an additional 3 ½ year sentence without an order from a judge." ECF No. 34-1 at 3-4. Plaintiff also attaches the "Department of Corrections Inmate Sentence Information," which appears to reflect a sentence of forty-two months' duration, with a "good time date" set exactly forty-two months after the date of imposition of sentence.[4] Id. at 3. Apart from the filing of an administrative grievance, the motion makes no mention of exhaustion of state remedies for challenging the length of a sentence nor does it suggest that the erroneous sentence calculation violated the Constitution or laws of the United States.

Defendants vigorously object to the motion to supplement. They argue that Plaintiff's dissatisfaction with the calculation of his sentence was known to Plaintiff, at the latest, by March 3, 2019, when he filed a grievance based on it, and therefore this is not a claim based on events that happened after the date of the pleading to be supplemented, which is the Second Amended Complaint, filed on March 21, 2019. ECF No. 39 at 2-3. Accordingly, Defendants contend that the motion is not proper under Fed. R. Civ. P. 15(d). Id. at 3. They also rely on Plaintiff's failure to attach the actual proposed pleading, as well as the prejudice to them caused by his undue delay (at least two months) in bringing up the claim. Id. at 3-4. More substantively, they ask the Court to deny the motion as futile in that the new claim is really a collateral attack on his conviction and sentence. Id.

Rule 15(d) of the Federal Rules of Civil Procedure allows the Court to grant leave to supplement a complaint with facts "setting out" a "transaction, occurrence, or event that

---

[4] With attachments indicating that a forty-two-month sentence was imposed and that a forty-two-month sentence is the basis for the length-of-sentence calculation, it is difficult to discern how the proposed supplemental complaint plausibly states a claim of erroneous calculation. However, there is no need for the Court to consider the potential substantive futility of the proposed supplementation as the motion to supplement is denied on the grounds discussed in the text.

happened after the date" of the complaint. Fed. R. Civ. P. 15(d). "Absent undue delay, bad faith, dilatory tactics, undue prejudice to the party to be served with the proposed pleading, or futility, the motion [to supplement] should be freely granted." Graham v. Grondolsky, No. Civ. A. 08-40208-MBB, 2012 WL 405459, at *16 (D. Mass. Feb. 7, 2012) (quoting Quaratino v. Tiffany & Co., 71 F.3d 58, 66 (2d Cir.1995)). However, "when the matters alleged in a supplemental pleading have no relation to the claim originally set forth and joinder will not promote judicial economy or the speedy disposition of the dispute between the parties, refusal to allow the supplemental pleading is entirely justified." Stow v. McGrath, No. 17-CV-088-LM, 2018 WL 1545701, at *3 (D.N.H. Mar. 2, 2018) (citing 6A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1506 (3d ed. 2017)), approved, No. 17-CV-88-LM, 2018 WL 1542324 (D.N.H. Mar. 28, 2018). As Fed. R. Civ. P. 18 and 20 make clear, "[u]nrelated claims against different defendants belong in different suits," in part "to ensure that prisoners pay the required filing fees," and that prisoners not avoid exposure to the "three strikes" provision of 28 U.S.C. § 1915(g). George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Rule 15(d) is not an open invitation to make "supplemental" filings that subject defendants "to a moving target of litigation" or "bombard the [c]ourt" with filing upon filing. See Negron v. Turco, 253 F. Supp. 3d 361, 363 (D. Mass. 2017).

In assessing futility, a court may deny a motion to supplement if the new claim fails to state a claim upon which relief could be granted. Pelletier v. Rhode Island, No. CA 07-186 S, 2008 WL 4900951, at *1 (D.R.I. Nov. 14, 2008). That is, "the court must accept all well-pleaded factual allegations as true and draw all reasonable inferences favorable to the plaintiff, although it need not credit bald assertions or legal conclusions." Id. "A complaint states a claim for relief when, viewed in this manner, the factual allegations raise plaintiff's right to relief

4

above the speculative level." Id. (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 545 (2007)). If the proposed new claims would not entitle the claimant to relief, "it would be futile to allow him to supplement his amended complaint" and the motion to supplement should be denied. Pelletier, 2008 WL 4900951, at *1.

The Court steps past Defendants' well-founded argument that this motion is not proper under Fed. R. Civ. P. 15(d) because the events in issue must have happened, and clearly became known to Plaintiff, before the date of the Second Amended Complaint.[5] Instead, the Court denies Plaintiff's motion to supplement because he seeks to assert a futile claim amounting to an unexhausted collateral attack on his sentence not based on any violation of applicable federal law, as well as because he seeks to bring a separate and distinct cause of action totally unrelated to any of the pending claims and asserted against a different defendant.

As to futility, because the "core" of the Plaintiff's new claim concerns the duration of his confinement and he does not seek money damages, it is clear that the proposed claim must be treated as a habeas corpus petition pursuant to 28 U.S.C. § 2254. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) ("when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus"); Whitman v. Ventetuolo, 25 F.3d 1037, 1994 WL 246063, at *1 (1st Cir. June 7, 1994) (*per curiam*) (when claimant "seeks to shorten the duration of his confinement, the district court

---

[5] Consistent with the liberality applicable to Fed. R. Civ. P. 15(d) determinations, to the extent that the events preceded the Second Amended Complaint, the Court could treat the motion as yet another motion to amend. U.S. ex rel. Gadbois v. PharMerica Corp., 809 F.3d 1, 7 n.3 (1st Cir. 2015) ("motion to supplement that is in fact a motion to amend will ordinarily be recharacterized and addressed under the correct rubric"). However, a motion to amend would be procedurally deficient in that the amended pleading is not attached. DRI LR Cv 15. In any event, recast as a motion to amend, the motion would still be denied as contrary to Fed. R. Civ. P. 20(a) and as futile in that it asserts an unexhausted collateral attack on Plaintiff's state-imposed sentence without reference to any deficiency under federal law.

5

correctly found that such relief is cognizable only in federal habeas corpus, with its concomitant requirement of exhaustion of state remedies"). Only after all applicable state-law remedies[6] have been properly exhausted may a prisoner bring such a claim to federal court. 28 U.S.C. § 2254(b)(1). Plaintiff argues that his exhaustion obligation was satisfied by the filing of a grievance, which prison officials rejected because his claim related to the length of the sentence, a matter set by "laws, regulations, and/or court decisions" not covered by the Rhode Island grievance system. ECF No. 34-1 at 5. This argument might apply if he were bringing a civil rights action for damages, but it is not correct for a habeas petition under § 2254, which is the only federal remedy for a challenge to the duration of a sentence. Preiser, 411 U.S. at 494 (damages action by state prisoner could be brought under Civil Rights Act in federal court without any requirement of prior exhaustion of state remedies, but challenge to sentence duration must be made in habeas petition, which mandates pre-filing exhaustion of state remedies). The motion to supplement also fails for futility because he alleges only "discrepanc[ies] in his sentencing data" and "a new conspiracy," ECF No. 34 at 1, but fails to explain how the discrepancies implicate a federal constitutional or statutory violation, which is an essential element of a federal habeas petition. 28 U.S.C. § 2254(a) (sentence must be violative of federal constitution or laws for prisoner bring habeas corpus claim to federal court).

With no suggestion that he can satisfy the essential element that all available state law remedies have been exhausted, and with no allegation of a federal constitutional or legal deficiency in the calculation of his sentence, Plaintiff's motion to supplement seeks to add a new

---

[6] Under Rhode Island law, it would appear that such a claim must be brought in the first instance as a motion filed in the state criminal case pursuant to R.I. Super. R. Crim. P. 35(a), followed by a direct appeal to the Rhode Island Supreme Court and then in a state post-conviction petition. See State v. Tucker, 747 A.2d 451, 453 (R.I. 2000) (internal citation omitted).

claim for habeas corpus relief that is not facially plausible. Accordingly, the motion to supplement is denied as futile.

The motion's other fatal flaw is the utter lack of overlap between Plaintiff's existing claims and his new one. That is, even if Plaintiff were able to allege that applicable state remedies have been exhausted and that he asserts a viable federal law challenge, the principle that courts typically require some relationship between the original and the later accruing material, as well as the Fed. R. Civ. P. 20(a)(2) joinder requirement that a common question of law or fact applicable to all defendants must arise in the action, still auger strongly against the joinder of Plaintiff's habeas claim with the totally unrelated civil rights claims presently asserted in the Second Amended Complaint. See Browder v. Blackburn Corr. Complex, No. 5:06-177-JMH, 2007 WL 2363035, at *1 (E.D. Ky. Aug. 16, 2007) (where petitioner's claims against prison mailroom clerk did not arise out of the same transaction, occurrence, or series of transactions or occurrences as his habeas corpus petition, the claims should have been filed as a separate action); Cadogan v. Vittitow, No. 2:06-CV-15235, 2007 WL 2331877, at *1 (E.D. Mich. Aug. 13, 2007), adopted, No. 06-CV-15235, 2007 WL 2875464 (E.D. Mich. Sept. 30, 2007) (denying motion to supplement to join habeas corpus claim with wholly unrelated civil rights claims). "While there may be some instances in which it is proper to pursue habeas corpus and § 1983 relief in the same action, as a general matter 'in instances in which a petition [or complaint] combines claims that should be asserted in *habeas* with claims that properly may be pursued as an initial matter under § 1983, and the claims can be separated, federal courts should do so.'" Cadogan, 2007 WL 2875464, at *1.

To conclude, Plaintiff's motion to supplement is denied because "the matters alleged in [this] supplemental pleading have no relation to the claim originally set forth," Stow, 2018 WL

1545701, at *3, as well as because the new claim adds an unrelated new defendant contrary to the joinder rule in Fed. R. Civ. P. 20(a)(2).  Further, allowing supplementation will undermine judicial economy and the speedy disposition of the dispute because the new claim is futile and will simply lead to further delay.  And Defendants have already been prejudiced by the confusion that Plaintiff's approach to pleading has wrought; allowing a futile supplementation would exacerbate the prejudice.

      Based on the foregoing, the motion to supplement (ECF No. 34) is denied.

So ordered.

ENTER:

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
June 17, 2019