UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| VICTOR A. TAVARES, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 18-606MSM |
| | : | |
| LIEUTENANT MACOMBER, | : | |
| C.O. SPADONI, C.O. ANTONELLI, | : | |
| C.O. SANTA-GATA, LIEUTENANT | : | |
| DIVINE, DEPUTY WARDEN MOORE, | : | |
| and WARDEN ACETO, | : | |
|     Defendants. | : | |

## REPORT AND RECOMMENDATION

Patricia A. Sullivan, United States Magistrate Judge.

Now pending before the Court is the motion of *pro se* prisoner Plaintiff Victor A. Tavares for summary judgment. ECF No. 62. The motion is misplaced and mistimed. Plaintiff challenges Defendants' failure to support their "defenses" with facts; he presents no facts, disputed or undisputed, and he sets out no legal argument. What he has missed is that judgment under Fed. R. Civ. P. 56 is reserved for circumstances where the moving party is able to present to the Court all of the admissible evidence pertaining to a fact that is material to an issue in the case, to demonstrate based on such evidence that there are no factual disputes to be resolved at trial, and to establish that these undisputed facts entitle the movant to judgment as a matter of law. Taylor v. Am. Chemistry Council, 576 F.3d 16, 24 (1st Cir. 2009) (summary judgment is appropriate if the pleadings, the discovery, disclosure materials and any affidavits show that there is "no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law"). And while, occasionally, a summary judgment movant may be able to marshal trial-worthy evidence of facts that are undisputed before discovery closes, it is far more common for a summary judgment motion to be filed after all of the evidence has been exchanged and

discovery is closed.  As the Supreme Court made clear in Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986), the "plain language of [Rule 56(a)] mandates the entry of summary judgment, after adequate time for discovery."  With currently pending motions to dismiss, this case does not yet have a Fed. R. Civ. P. 16 order, nor has discovery begun.

Based on the foregoing, I recommend that Plaintiff's motion for summary judgment (ECF No. 62) be denied.  In light of the Court's duty of leniency to a *pro se* litigant, I also recommend that Plaintiff should not be required to have Court permission to eventually file another summary judgment motion, despite the applicable Local Rule.  DRI LR Cv 56(c) ("No party shall file more than one motion for summary judgment unless the Court otherwise permits for good cause shown.").

Any objection to this report and recommendation must be specific and must be served and filed with the Clerk of the Court within fourteen (14) days of its receipt.  See Fed. R. Civ. P. 72(b)(2); DRI LR Cv 72(d).  Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district judge and the right to appeal the Court's decision.  See United States v. Lugo Guerrero, 524 F.3d 5, 14 (1st Cir. 2008); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
December 9, 2019