UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| VICTOR A. TAVARES, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 18-606MSM |
| | : | |
| LIEUTENANT MACOMBER, | : | |
| C.O. SPADONI, C.O. ANTONELLI, | : | |
| C.O. SANTA-GATA, LIEUTENANT | : | |
| DIVINE, DEPUTY WARDEN MOORE, | : | |
| and WARDEN ACETO, | : | |
|     Defendants. | : | |

**REPORT AND RECOMMENDATION**

Patricia A. Sullivan, United States Magistrate Judge.

Now pending before the Court is the motion of *pro se* prisoner Plaintiff Victor A. Tavares for preliminary injunction. ECF No. 33.

**I.    BACKGROUND**

Relying on the unadorned averments in his verified Second Amended Complaint[1] ("SAC") (ECF No. 24), Plaintiff asks the Court to order that Defendants, various officials of the Rhode Island Department of Corrections ("RIDOC"), must refrain from or engage in certain conduct as follows: (1) stop using "riot spray" as a punishment; (2) provide "proper hygiene products," "proper footwear" and "proper nutrition and calories"; (3) turn off in-cell lights at night; (5) limit time in solitary to no more than thirty days per infraction; (5) restore Plaintiff's lost good-time credit; and (6) order two named Defendants to replace his three-piece suit and shirt. As a factual foundation for these orders, Plaintiff avers only that correctional officers used riot spray instead of pepper spray in connection with an incident when he was fighting with

---

[1] Because of his *pro se* status, the Court has read Plaintiff's filings with the leniency appropriate for any *pro se* filer. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Silva v. Farrell, C.A. No. 18-650JJM, 2019 WL 2501887, at *1 (D.R.I. Jan. 15, 2019), adopted, 2019 WL 2500668 (D.R.I. Jan. 30, 2019).

another inmate; that, while in disciplinary confinement, his meals were "shorted" leaving him with insufficient calories; that he was denied "proper hygiene" and "adequate footwear"; and that the lights were kept on all night. The only details Plaintiff provides pertain to the appearance of the now-destroyed court clothes and the sequence of events leading to the destruction of the clothes. Critical to the pending motion, the SAC contains nothing to explain why these alleged deprivations rise to the level of constitutional violations and nothing at all to articulate why they are causing irreparable harm sufficient to support interim injunctive relief.[2]

## II. STANDARD OF REVIEW

When considering a request for interim injunctive relief, the court must be guided by the traditional equity doctrine that preliminary injunctive relief is an extraordinary and drastic remedy that is never awarded as of right. Harris v. Wall, 217 F. Supp. 3d 541, 552-53 (D.R.I. 2016). To prevail, the moving party must demonstrate: (1) a substantial likelihood of success on the merits; (2) a significant risk of irreparable harm if the injunction is withheld; (3) a favorable balance of hardships; and (4) a fit (or lack of friction) between the injunction and the public interest. Nieves-Marquez v. Puerto Rico, 353 F.3d 108, 120 (1st Cir. 2003) (preliminary injunction). A plaintiff seeking an interim injunction bears the burden of demonstrating that each of the four factors weigh in his favor. Letourneau v. Aul, C.A. No. 14-421L, 2015 WL 5167854, at *2 (D.R.I. Sept. 3, 2015).

The four factors are not weighted equally; "likelihood of success is the main bearing wall of this framework" and of primary importance. W Holding Co. v. AIG Ins. Co.–P.R., 748 F.3d 377, 383 (1st Cir. 2014) (alteration and internal quotation marks omitted); Flores v. Wall, No. CA 11-69 M, 2012 WL 4471103, at *3 (D.R.I. Sept. 5, 2012). "[I]f the moving party cannot

---

[2] Based on the insufficiency of the SAC's allegations, my recommendation that it be dismissed for failure to state a claim (with leave to amend) is currently pending. ECF No. 68.

2

demonstrate that he is likely to succeed in his quest, the remaining factors become matters of idle curiosity." Esso Standard Oil Co. (P.R.) v. Monroig-Zayas, 445 F.3d 13, 18 (1st Cir. 2006). Irreparable harm is measured on "a sliding scale, working in conjunction with a moving party's likelihood of success on the merits, such that the strength of the showing necessary on irreparable harm depends in part on the degree of likelihood of success shown." Braintree Labs., Inc. v. Citigroup Glob. Markets Inc., 622 F.3d 36, 42-43 (1st Cir. 2010) (alteration, citation and internal quotation marks omitted).

Interim injunctive relief is typically used to "preserve the status quo, freezing an existing situation so as to permit the trial court, upon full adjudication of the case's merits, more effectively to remedy discerned wrongs." Letourneau, 2015 WL 5167854, at *2. By contrast, an injunction that alters the status quo, is atypical and "should be granted only in those circumstances when the exigencies of the situation demand such relief." Braintree Labs., 622 F.3d at 41; Textron Fin. Corp. v. Freeman, C.A. No. 09-087S, 2010 WL 5778756, at *2 (D.R.I. Oct. 28, 2010). That is, an interim injunction that alters rather than preserves the status quo should not issue unless the facts and the law clearly favor the moving party. Robinson v. Wall, No. C.A. 09–277–S, 2013 WL 4039027, at *2 (D.R.I. Aug. 7, 2013); see Flores, 2012 WL 4471103, at *7 (when injunction sought is mandatory, courts should exercise more caution).

Plaintiff's status as a prisoner triggers an additional restriction on the availability of interim injunctive relief that is set forth in the Prison Litigation Reform Act ("PLRA"). 18 U.S.C. § 3626. PLRA provides that the court shall not enter a preliminary injunction unless it finds that the injunctive relief is "narrowly drawn, extend[s] no further than necessary to correct the harm the court finds requires preliminary relief, and [is] the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). Further, the court considering an interim

3

injunction "shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief." Id. In addition, the court must respect principles of state and federal comity. Id. In interpreting the text of § 3626, courts must be guided by Congress's "ambient intent" to curb the involvement of the federal judiciary in the day-to-day management of prisons. Morales Feliciano v. Rullan, 378 F.3d 42, 50 (1st Cir. 2004). Also, under the PLRA, preliminary injunctive relief automatically expires after ninety days unless the court makes specific findings supporting an extension. See 18 U.S.C. § 3626(a)(1)-(2); Harris, 217 F. Supp. 3d at 553-54.

## III. ANALYSIS

Measured against this hefty standard, particularly in light of his status as a prisoner subject to PLRA, Plaintiff's motion is hopelessly deficient. Defendants argue that Plaintiff has failed to sustain his burden either as to likelihood of success or as to irreparable harm with respect to each of the elements of interim relief that he seeks. They are right. Other than his lost clothes, there is no detail beyond what is summarized above. And the prayer for an interim injunction regarding the lost clothes should be denied because it seeks a mandatory injunction that alters rather than preserves the status quo, with no irreparable harm, never mind exigent circumstances, to support such an extraordinary remedy. Similarly, the request for an interim order restoring good-time credit not only profoundly alters the status quo but also runs contrary to well-settled law that the loss of Rhode Island good-time credit does not amount to a constitutional deprivation. Goddard v. Oden, No. CA 15-055 ML, 2015 WL 1424363, at *3 (D.R.I. Mar. 27, 2015) ("The cases interpreting Rhode Island's good time credit statute make clear that Plaintiff's complaint of loss of good time credit fails to state a claim, in that this consequence cannot amount to the loss of a liberty interest as a matter of law.").

4

## III. CONCLUSION

Based on the foregoing analysis, I recommend that Plaintiff's motion for preliminary injunction (ECF No. 33) be denied. Any objection to this report and recommendation must be specific and must be served and filed with the Clerk of the Court within fourteen (14) days of its receipt. See Fed. R. Civ. P. 72(b)(2); DRI LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district judge and the right to appeal the Court's decision. See United States v. Lugo Guerrero, 524 F.3d 5, 14 (1st Cir. 2008); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
December 9, 2019