IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| VICTOR A. TAVARES,<br>　　　　Plaintiff<br><br>　v.<br><br>LIEUTENANT MACOMBER, et al,<br>　　　　Defendants | :<br>:<br>:<br>:　C.A. No. 1:18-cv-00606-MSM-PAS<br>:<br>:<br>: |

MEMORANDUM AND ORDER

Mary S. McElroy, United States District Judge

On November 2, 2018, the petitioner, a prisoner at the Adult Correctional Institutions ("ACI"), in the custody of the Rhode Island Department of Corrections, filed a Complaint invoking 42 U.S.C.A. § 1983, and claiming violations of the Eighth Amendment to the United States Constitution. He initially sued the Department of Corrections (no longer a defendant) and a number of correctional officers ("COs") and supervisory personnel. In the intervening 22 months, and in connection with a series of recommendations by Magistrate Judge Patricia A. Sullivan, the filings have mounted up, consisting of multiple motions to dismiss, two amended complaints, an attempt to file a supplemental complaint, multiple motions for both a Temporary Restraining Order and a Preliminary Injunction, and multiple motions for summary judgment.

1

This Memorandum and Order, along with text orders filed contemporaneously, is intended to dispose of all the pending motions in this case, as of the date of this filing.

## Mr. Tavares' Claims

Mr. Tavares' Second Amended Complaint ("SAC") (ECF No. 24) is the operative one. *See* Magistrate Judge's Report & Recommendation (ECF No. 68) at n. 1. That Complaint describes three incidents that, according to Mr. Tavares, gave rise to multiple constitutional violations of the Eighth Amendment.[1] Further detail is given in the Report & Recommendation (ECF No. 68).[2] The facts, although not the legal conclusions, stated in the SAC are accepted as true in the recounting below.

First, Mr. Tavares was notified in September of 2018 by one of the defendant COs that the ACI intended to destroy "court clothes" consisting of a three-piece suit and a button-down shirt. Mr. Tavares argued that he still had a need for the clothing, and that argument resulted in his being "booked" three times for the same "offense."

---

[1] Mr. Tavares attempted to supplement his Second Amended Complaint by including a fourth transaction in which he claims that a criminal charge was unlawfully "fabricated" and caused his sentence to be increased. In his description, at least one additional defendant is implicated. His objection to the Magistrate Judge's denial of his Motion to Supplement is moot in light of this Memorandum granting the Motion to Dismiss. In addition, as explained in the text order entered this date, it fails to state a federal claim.

[2] With respect to dismissal of the complaint, I fully endorse and accept the Magistrate Judge's Report & Recommendation. I write at this length only to emphasize that I have reviewed all the filings and reached a determination *de novo*. I reject that portion of the Magistrate Judge's Report and Recommendation that allowed Mr. Tavares thirty (30) days to amend his complaint; Mr. Tavares requested permission to amend in his Motion for Relief (ECF No. 79) and in this Memorandum I DENY that Motion.

The booking was upheld by Deputy Warden Moore who also ordered the clothing destroyed.

Second, on September 18, 2018, Mr. Tavares was involved in a fight with another inmate. Mr. Tavares alleges without amplification that CO Spadoni knew there would be an "incident," but did nothing to prevent it. During the course of CO Spadoni's attempt to break up the fight, he caused Mr. Tavares' head to strike a metal pole, rendering him "incapacitated." While he was on the ground, Lt. Macomber ordered a second CO to "juice him" and Mr. Tavares was sprayed with a substance he refers to as "riot spray." His summary draws a distinction between "riot spray" and "pepper spray" but does not explain the difference except to say that "riot spray" is intended for large crowds rather than direct contact with skin. A nurse was called to provide medical aid but, according to Mr. Tavares, Lt. Divine interfered with that care. In addition, he ordered Mr. Tavares' haircut, for reasons not revealed in the SAC. In spite of being allegedly involved in the incident, Lt. Divine adjudicated the "booking," resulting in solitary confinement and what Mr. Tavares contends was an unauthorized, and thus illegal, loss of good time.

Finally, Mr. Tavares alleges the Eighth Amendment was violated by his being kept in solitary confinement for 20 months, where the lights were kept on all night, where his meal portions were "shorted," and where he was denied adequate hygiene and footwear.

## JURISDICTION

Jurisdiction is appropriate as the action is brought pursuant to 42 U.S.C.A. 1983, 1985(3) and 1986. His claims of various violations of the Eighth Amendment present federal questions. 28 U.S.C.A. § 1331.

## STANDARD OF REVIEW

As Mr. Tavares has made timely objection to the Magistrate Judge's R & R. (ECF No. 74), my review is *de novo* pursuant to Fed.R.Civ.P. 72(b)(3). Mr. Tavares' objection describes a number of portions of the R&R and, particularly as he is proceeding *pro se*, can fairly be described as objecting to the whole thing. Therefore, the Court has reviewed the full Motions to Dismiss *de novo* applying the "plausible claim" standard of *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 862 (2009).

## EIGHTH AMENDMENT

As thoroughly articulated in the Magistrate Judge's Report & Recommendation, the SAC fails here for two connected reasons: first, most of the "wrongs" that Mr. Tavares alleges were committed against him are simply not constitutional violations;[3] and, second, where a constitutional violation could

---

[3] A number of Mr. Tavares' complaints concern conduct on the part of ACI officials that he claims violates ACI policy. E.g., multiple sanctions for a single disciplinary transgression; Lt. Divine adjudicating a grievance when he participated in the underlying event; a sanction of loss of good time when such was arguably not permitted; and destruction of his clothing. In his Response to the Motion to Dismiss, he evidences a belief that if these acts were done with "deliberate indifference," they amount to constitutional violations. He misunderstands the law. "Deliberate indifference" does not transform a violation of state or administrative policy into a constitutional violation. "Deliberate indifference" is an element of an Eighth

conceivably be made out, he has failed to plead sufficient underlying facts to state a plausible claim, relying instead on conclusory language that does little more than track the elements of a basis for relief.

Not every happening adverse to a prisoner is unlawful, not even significant ones. Not every condition of confinement is an unconstitutional one. And not every wrongful act committed by the institution or those in its employ violates the Eighth Amendment. Mr. Tavares has raised several different types of Eighth Amendment claims. First, he accuses CO Spadoni of a failure to protect him, even though the CO allegedly had knowledge there would be an "incident." The obligation to protect, however, arises only when a substantial risk of serious harm is obvious. *Farmer v. Brennan*, 511 U.S. 825, 842, 114 S.Ct. 1970, 1981 (1994). Here, Mr. Tavares SAC states:

> 16. Before the altercation, Defendant C.O. Spadoni, through his years of training and experience, became knowledgeable of the fact that an incident was going to take place between the Plaintiff and another inmate, yet he did nothing to prevent the incident from taking place.

This does not come close to pleading facts which, if proven, would establish that the CO had a subjective awareness of a "substantial of serious harm" or that such a risk was obvious. *Id.*

---

Amendment violation for which the state may be held liable, but there must be a constitutionally cognizable deprivation to begin with. *Hope v. Pelzer,* 536 U.S. 730, 737-38, 122 S.Ct. 2508, 2514, 153 L.Ed. 666 (2002) (prisoner must show both the wanton infliction of pain *and* that the officials acted with "deliberate indifference" to the risk to health or safety).

Second, Mr. Tavares alleges the use of excessive force in the use of "riot spray" and, perhaps in his hair being cut at the conclusion of the episode.[4] Excessive force, however, involves the "wanton infliction of pain," *Moore v. Weeden,* C.A. No. 09-434M, 2012 WL 733837, at *7 (D.R.I. March 6, 2012). It is punishment inflicted "totally without penological justification." *Hope v. Pelzer,* 536 U.S. 730, 737, 122 S.Ct. 2508, 2514, 153 L.Ed.2d 666 (2002). There is nothing pleaded that would even give rise to inferences satisfying this high standard. On the face of it, Mr. Tavares acknowledges he was involved in a physical fight with another inmate and that these events occurred while CO Spadoni was trying to break up the fight. Without specific allegations that would support an inference that the measures taken were so unnecessary – and so painful or otherwise causing of serious injury – that they were inflicted wantonly, the SAC again fails to state a plausible claim upon which relief can be granted.

Third, there is the hint of allegations of denial of adequate medical care, both in the claim that officers interfered with a nurse's attempt to tend to him after his head hit a metal pole and in the vague assertion of "inadequate" hygiene. But these are only hints that, in the absence of much fleshing out with respect to context, do not meet the standard of "deliberate indifference to a prisoner's serious illness or injury." *Estelle v. Gamble*, 429 U.S. 97, 105, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976).

---

[4] There is no elaboration in the SAC about the haircut. Thus, the Court is at a loss to determine whether this is an "excessive force" complaint, or an unconstitutionally punitive conditions of confinement complaint, or a violation of prison policy complaint. *But see infra* at p. 8-9 for some more information.

Finally, the bulk of the SAC alleges conduct that would come under the "conditions of confinement" rubric, stemming from the right to be free from cruel and unusual punishment. *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 1977, 128 L.Ed.2d 811 (1994), is again the "touchstone." An Eighth Amendment violation occurs if conditions of confinement constitute a deprivation "objectively, sufficiently serious" to constitute a "denial of the minimal civilized measure of life's necessities," *and* if the state official acted with deliberate indifference  *Wilkinson v. Austin,* 545 U.S. 209, 214, 125 S.Ct. 2384, 2389, 162 L.Ed.2d 174 (2005) ("extreme isolation" in which "inmates are deprived of almost any environmental or sensory stimuli and of almost all human contact")., While the 20 months that Mr. Tavares complains he spent in solitary confinement seems prolonged, he does not, as the R&R noted, divulge any factual details about why he was placed in segregation, or what type of segregation it was: protective isolation, punitive segregation or administrative segregation. And beyond his complaint that the lights are kept on at night, he fails to plead any specifics to explain what he means by inadequate hygiene and "shorted" meal portions. (ECF No. 24, Para. 19). These allegations fall far short of the "extreme deprivation [] beyond the bounds of human decency" that are the foundation of an Eighth Amendment conditions of confinement violation. *Parker v. Wall,* C.A. No. 10-040 ML, 2010 WL 4455818, at *2 (D.R.I. Oct. 6, 2010).

For these reasons, and those expressed in the R&R (ECF No. 68), I GRANT the defendants Motions to Dismiss (ECF Nos. 47, 53) the Second Amended Complaint (ECF No. 24).

## CODA

In anticipation of the result above, Mr. Tavares filed, on January 6, 2020, what he styled as a "Motion for Relief," offering with it a document entitled "Second Amended Complaint." (ECF Nos. 79, 79-1). This Amended Complaint seeks to cure the deficiencies identified in the Magistrate Judge's Report & Recommendation (ECF No. 68). Mr. Tavares in this newest version does add further facts. He fleshes out the clothing destruction by tying it to dry cleaning and insulting language from CO Santa-Gata. (ECF No. 79-1, Para. 8). He adds context to the failure to protect claim by alleging that CO Spadoni placed him and another inmate "in the same cage together," resulting in a fight. CO Spandoni, according to the document, knew that the plaintiff and this other inmate had just been engaged in a heated argument. (ECF 79-1, Para. 9). If injuries committed at the hand of the other inmate had been serious, and if those injuries formed the basis of the failure to protect claim, and if Mr. Tavares were blameless in instigating the physical altercation, and if the argument allegedly overheard by CO Spandoni had included a threat of harm so obvious as to charge Spandoni with subjective awareness of the risk, this section would come closest to stating a claim under the Eighth Amendment. But even making allowances for a *pro se* Complaint, none of that is pled nor can it be inferred. The injury complained of still is that the defendants sprayed him with some substance while he was incapacitated on the floor after hitting his head inadvertently on a metal pole. He now states he "lost his footing and struck his head as he fell backwards." He does not blame any defendant for that fall. The only action he blames defendants for is

spraying him when it was, in his opinion, not necessary. While he alleges he was sprayed "all over his face," he claims no lasting or serious injury and the incident still does not rise to the level of excessive force, as discussed above. Finally, we learn from this latest effort at an amended Complaint that the "haircut" was actually an allegedly spiteful cutting-away of a "decorative hair lock that had three (3) blue rings imbedded in it, for religious purposes, to represent each year of growth." (ECF No. 79-1, Para. 9). If that is true, it would seem wholly unnecessary, possibly malicious, and conceivably an abuse of power. But not an Eighth Amendment violation.

Because this proffered "Second Amended Complaint" fails to cure the deficiencies of what was already denominated the Second Amended Complaint (ECF No. 24), the "Motion for Relief" (ECF No. 79), treated as a Motion to Amend, is DENIED.

IT IS SO ORDERED:

_____
Mary S. McElroy,
United States District Court Judge

Date: September 3, 2020